**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Joseph J. DiPasquale, Esq.
Eric S. Chafetz, Esq.
Michael Papandrea, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Proposed Counsel to the Debtors and
Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>Frank Theatres Bayonne/South Cove, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 18-34808 (SLM) |
| In re:<br><br>Frank Entertainment Group, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 18-34812 (SLM) |
| In re:<br><br>Frank Management LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 18-34818 (SLM) |
| In re:<br><br>Frank Theatres, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 18-34820 (SLM) |

| | |
|---|---|
| In re:<br><br>Frank All Star Theatres, LLC,<br><br>            Debtor. | Chapter 11<br><br>Case No. 18-34822 (SLM) |
| In re:<br><br>Frank Theatres Blacksburg LLC,<br><br>            Debtor. | Chapter 11<br><br>Case No. 18-34823 (SLM) |
| In re:<br><br>Frank Theatres Delray, LLC,<br><br>            Debtor. | Chapter 11<br><br>Case No. 18-34824 (SLM) |
| In re:<br><br>Frank Theatres Kingsport LLC,<br><br>            Debtor. | Chapter 11<br><br>Case No. 18-34825 (SLM) |
| In re:<br><br>Frank Theatres Montgomeryville, LLC,<br><br>            Debtor. | Chapter 11<br><br>Case No. 18-34826 (SLM) |
| In re:<br><br>Frank Theatres Parkside Town Commons, LLC,<br><br>            Debtor. | Chapter 11<br><br>Case No. 18-34828 (SLM) |
| In re:<br><br>Frank Theatres Rio, LLC,<br><br>            Debtor. | Chapter 11<br><br>Case No. 18-34816 (SLM) |

| | |
|---|---|
| In re:<br><br>Frank Theatres Towne, LLC,<br><br>       Debtor. | Chapter 11<br><br>Case No. 18-34830 (SLM) |
| In re:<br><br>Frank Theatres York, LLC,<br><br>       Debtor. | Chapter 11<br><br>Case No. 18-34832 (SLM) |
| In re:<br><br>Frank Theatres Mt. Airy, LLC,<br><br>       Debtor. | Chapter 11<br><br>Case No. 18-34833 (SLM) |
| In re:<br><br>Frank Theatres Southern Pines, LLC,<br><br>       Debtor. | Chapter 11<br><br>Case No. 18-34837 (SLM) |
| In re:<br><br>Frank Theatres Sanford, LLC,<br><br>       Debtor. | Chapter 11<br><br>Case No. 18-34839 (SLM) |
| In re:<br><br>Frank Theatres Shallotte, LLC,<br><br>       Debtor. | Chapter 11<br><br>Case No. 18-34840 (SLM) |
| In re:<br><br>Revolutions at City Place LLC,<br><br>       Debtor. | Chapter 11<br><br>Case No. 18-34841 (SLM) |

| | |
|---|---|
| In re:<br><br>Revolutions of Saucon Valley LLC,<br><br>       Debtor. | Chapter 11<br><br>Case No. 18-34844 (SLM) |
| In re:<br><br>Frank Entertainment Rock Hill, LLC,<br><br>       Debtor. | Chapter 11<br><br>Case No. 18-34845 (SLM) |
| In re:<br><br>Frank Entertainment PSL, LLC,<br><br>       Debtor. | Chapter 11<br><br>Case No. 18-34846 (SLM) |
| In re:<br><br>Frank Hospitality Saucon Valley LLC<br><br>       Debtor. | Chapter 11<br><br>Case No. 18-34847 (SLM) |
| In re:<br><br>Frank Hospitality York LLC<br><br>       Debtor. | Chapter 11<br><br>Case No. 18-34848 (SLM) |
| In re:<br><br>Galleria Cinema, LLC<br><br>       Debtor. | Chapter 11<br><br>Case No. 18-34849 (SLM) |

**DEBTORS' MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 1015 DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors" or the "Company"), by and through their undersigned proposed counsel, hereby submit this motion

(the "Motion") for entry of an order, substantially in the form submitted herewith, directing the joint administration of the Debtors' above-captioned chapter 11 cases for procedural purposes only pursuant to Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  In support of this Motion, the Debtors submit the *Declaration of Christopher Lang in Support of First Day Relief* (the "First Day Declaration"),[1] filed contemporaneously herewith. In further support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION, VENUE, AND STATUTORY PREDICATES

1.This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.).  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3.The statutory predicate for the relief sought herein is Bankruptcy Rule 1015.

## BACKGROUND

4.On the date hereof (the "Petition Date"), each of the above-captioned Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, thereby initiating the above-captioned chapter 11 cases (the "Chapter 11 Cases"). The Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner and no committee has been appointed in these Chapter 11 Cases.

5.The Debtors operate pure play movie theatres, combination movie theater/family entertainment complexes, and pure play family entertainment complexes in six (6) east coast states—New Jersey (including theaters located in Bayonne and Rio Grande), Florida, North Carolina, South Carolina, Pennsylvania, and Virginia—under the brand names Frank Theatres,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

-5-

CineBowl & Grille, and Revolutions.  The Company operates 15 movie theater and/or family entertainment venues broken down as follows: (a) nine (9) pure play movie theaters in the six aforementioned states under the Frank Theatres name, (b) three (3) combination movie theatre/family entertainment complexes in Florida, North Carolina, and Virginia under the CineBowl & Grille marquee, and (c) three (3) family entertainment complexes in three (3) states (Florida, South Carolina, and Pennsylvania) under the Revolutions brand name.

6. The Company's Frank Theatres cinemas include 141 total screens, while each theater generally has 8-12 screens, offers stadium seating, 4k digital and 3D capable projection, Dolby® Digital surround sound, advance ticketing features and standard theater concessions. Certain locations also offer IMAX® or THX® technology and enhanced concessions, which include beer/wine and premium restaurant-style food.  Frank Theatres, including its predecessor, is one of the oldest continuously operating movie theater chains in the United States.

7. The Company's CineBowl & Grille concept, the first of its kind in the United States, combines a traditional stadium seating movie theater with bowling, a redemption arcade, and a captive casual dining restaurant/bar under one roof.  Likewise, the Company's Revolutions concept combines bowling, a redemption arcade, billiards, a stadium-style live TV venue, live entertainment, and a captive casual dining restaurant/bar all under one roof.

8. Additional details regarding the Debtors' businesses and the facts and circumstances supporting the relief requested herein are set forth in the First Day Declaration, which was filed contemporaneously with this Motion and is incorporated herein by reference.

## RELIEF REQUESTED

9. By this Motion, the Debtors request entry of an order, substantially in the form submitted herewith, directing the joint administration of the Debtors' Chapter 11 Cases for procedural purposes only pursuant to Bankruptcy Rule 1015.  Specifically, the Debtors request that the Court maintain one file and one docket for each of the jointly-administered cases.  The Debtors propose to designate the Chapter 11 Case of Frank Theatres Bayonne/South Cove, LLC as the lead bankruptcy case.

10. Accordingly, the Debtors request that the Chapter 11 Cases be administered under the following consolidated caption:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>Frank Theatres Bayonne/South Cove, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-34808 (SLM)<br><br>(Jointly Administered) |

8. The Debtors also request that a docket entry be made in each of the above-captioned cases, substantially similar to the following, to reflect the joint administration of the Chapter 11 Cases:

> An order has been entered in accordance with Rule 1015 of the Federal Rules of Bankruptcy Procedure directing joint administration of the chapter 11 cases of Frank Theatres Bayonne/South Cove, LLC; Frank Entertainment Group, LLC; Frank Management LLC; Frank Theatres, LLC; Frank All Star Theatres, LLC; Frank Theatres Blacksburg LLC; Frank Theatres Delray, LLC; Frank Theatres Kingsport LLC; Frank Theatres Montgomeryville, LLC; Frank Theatres Parkside Town Commons LLC; Frank Theatres Rio, LLC; Frank Theatres Towne, LLC; Frank Theatres York, LLC; Frank Theatres Mt. Airy, LLC; Frank Theatres Southern Pines, LLC; Frank Theatres Sanford, LLC; Frank Theatres Shallotte, LLC; Revolutions at City Place LLC; Revolutions of Saucon Valley LLC; Frank Entertainment Rock Hill LLC; Frank Entertainment PSL, LLC; Frank Hospitality Saucon Valley LLC; Frank Hospitality York LLC; and Galleria Cinema, LLC, under lead Case No. 18-34808 (SLM).

9. The Debtors will file consolidated monthly operating reports, but will separately set forth disbursements for each Debtor as a schedule to the extent required by the *United States*

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Frank Theatres Bayonne/South Cove, LLC (3162); Frank Entertainment Group, LLC (3966); Frank Management LLC (0186); Frank Theatres, LLC (5542); Frank All Star Theatres, LLC (0420); Frank Theatres Blacksburg LLC (2964); Frank Theatres Delray, LLC (7655); Frank Theatres Kingsport LLC (5083); Frank Theatres Montgomeryville, LLC (0692); Frank Theatres Parkside Town Commons LLC (9724); Frank Theatres Rio, LLC (1591); Frank Theatres Towne, LLC (1528); Frank Theatres York, LLC (7779); Frank Theatres Mt. Airy, LLC (7429); Frank Theatres Southern Pines, LLC (2508); Frank Theatres Sanford, LLC (7475); Frank Theatres Shallotte, LLC (7548); Revolutions at City Place LLC (6048); Revolutions of Saucon Valley LLC (1135); Frank Entertainment Rock Hill LLC (0753); Frank Entertainment PSL, LLC (7033); Frank Hospitality Saucon Valley LLC (8570); Frank Hospitality York LLC (6617); and Galleria Cinema, LLC (2529).

*Trustee Operating Guidelines*, with said reports to be filed in the lead case, rather than in each of the Debtor's individual cases.

10. Finally, for purposes of efficiency and in order to streamline notice of all matters that may affect creditors of any of the Debtors, the Debtors request authority to file a single consolidated list of the 30 largest creditors in each of the Chapter 11 Cases.

## BASIS FOR RELIEF

11. Bankruptcy Rule 1015(b) provides that "[i]f a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015.

12. The Debtors in these Chapter 11 Cases are Frank Theatres Bayonne/South Cove, LLC; Frank Entertainment Group, LLC; Frank Management LLC; Frank Theatres, LLC; Frank All Star Theatres, LLC; Frank Theatres Blacksburg LLC; Frank Theatres Delray, LLC; Frank Theatres Kingsport LLC; Frank Theatres Montgomeryville, LLC; Frank Theatres Parkside Town Commons LLC; Frank Theatres Rio, LLC; Frank Theatres Towne, LLC; Frank Theatres York, LLC; Frank Theatres Mt. Airy, LLC; Frank Theatres Southern Pines, LLC; Frank Theatres Sanford, LLC; Frank Theatres Shallotte, LLC; Revolutions at City Place LLC; Revolutions of Saucon Valley LLC; Frank Entertainment Rock Hill LLC; Frank Entertainment PSL, LLC; Frank Hospitality Saucon Valley LLC; and Frank Hospitality York LLC; and Galleria Cinema, LLC. The Debtors are "affiliates" as defined under section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b).

13. Bankruptcy Rule 1015 promotes the fair and efficient administration of multiple cases of affiliated debtors while protecting the rights of individual creditors. *See In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re Hemingway Transp.*, 954 F.2d 1, 11 (1st Cir. 1992).

14. These Chapter 11 Cases should be administered jointly because joint administration will obviate the need for duplicative notices, motions, and orders, and thereby save considerable time and expense for the Debtors, their estates, and the Court.

15. The Debtors anticipate that numerous notices, motions, other pleadings, hearings, and orders in these Chapter 11 Cases will affect more than one of the Debtors. The failure to jointly administer these cases would result in the filing and service of numerous duplicative pleadings. Such duplication of substantially identical documents would be wasteful.

16. Joint administration will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors of each Debtor's estate and other parties-in-interest. Joint administration will also protect parties-in-interest by ensuring that parties-in-interest in each Chapter 11 Case will be apprised of the various matters before the Court in the Chapter 11 Cases. Likewise, joint administration will ease the burden on the office of the United States Trustee for the District of New Jersey in supervising these Chapter 11 Cases.

17. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration of these Chapter 11 Cases because each creditor may still file its claim against a particular Debtor and other substantive rights of creditors will not be impaired in any way by virtue of joint administration. In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these Chapter 11 Cases. The Court will also be relieved of the burden of entering duplicative orders and maintaining redundant files.

18. The Debtors also submit that supervision of the administrative aspects of these Chapter 11 Cases by the Office of the United States Trustee will be simplified if the cases are jointly administered as requested herein.

19. Finally, the Debtors submit that filing a single consolidated list of creditors in each of the Chapter 11 Cases is an efficient use of estate resources and will not impact or prejudice the rights of any party.

20. Courts in this District routinely order the joint administration of chapter 11 cases involving multiple, related debtor entities. *See, e.g., In re: Duro Dyne National Corp.*, Case No. 18-27963 (MBK) (Bankr. D.N.J. September 7, 2018); *In re RWRF, Inc.*, Case No. 17-32958 (JKS) (Bankr. D.N.J. Nov. 15, 2017); *In re Mountain Creek Resort, Inc.*, Case No. 17-19899

(SLM) (Bankr. D.N.J. May 17, 2017); *In re Cinram Group, Inc.*, Case No. 17-15258 (VFP) (Bankr. D.N.J. Mar. 24, 2017). For the foregoing reasons, the Debtors respectfully submit that the joint administration of their Chapter 11 Cases is appropriate and should be directed.

## WAIVER OF MEMORANDUM OF LAW

21.   Because the factual and legal basis upon which the Debtors rely are incorporated herein and the Motion does not raise any novel issues of law, the Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3).

## NO PRIOR REQUEST

22.   No previous motion for the relief sought herein has been made to this or to any other court.

## NOTICE

23.   Notice of this Motion has been given to (i) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (ii) Neligan LLP, Republic Center, 325 N. St. Paul, Suite 3600, Dallas, Texas 75201, Attention: Patrick J. Neligan, Jr. and John D. Gaither, counsel for Elm Park Capital Management, LLC and certain affiliates; (iii) Dorsey & Whitney LLP, 300 Crescent Court, Suite 400, Dallas, TX 75201, Attention: Larry Makel and Eric Lopez Schnabel, counsel for Seacoast Capital Partners III, L.P. and certain affiliates; (iv) Moore & VanAllen, 100 North Tryon Street, Suite 4700, Charlotte, NC 28202-4003, Attention: Alan Pope, counsel for Benefit Street Partners and certain affiliates; (v) the Internal Revenue Service, 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016; (vi) the New Jersey Division of Taxation Compliance and Enforcement - Bankruptcy Unit, 50 Barrack Street, 9th Floor, Trenton, NJ 08695; (vii) the Office of the Attorney General of the State of New Jersey, Division of Law, Richard J. Hughes Justice Complex, 25 Market Street, Trenton, NJ 08625; (viii) the Office of the United States Attorney, Peter Rodino Federal Building, 970 Broad Street, Suite 700, Newark, NJ 07102; (ix) the Debtors' thirty largest unsecured creditors on a consolidated basis; and (x) all parties that have

requested to receive notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form submitted herewith, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated:  December 19, 2018          Respectfully submitted,

                                     **LOWENSTEIN SANDLER LLP**

                                     /s/ *Kenneth A. Rosen*_____
                                     Kenneth A. Rosen, Esq.
                                     Joseph J. DiPasquale, Esq.
                                     Eric S. Chafetz, Esq.
                                     Michael Papandrea, Esq.
                                     One Lowenstein Drive
                                     Roseland, New Jersey 07068
                                     (973) 597-2500 (Telephone)
                                     (973) 597-2400 (Facsimile)
                                     krosen@lowenstein.com
                                     jdipasquale@lowenstein.com
                                     echafetz@lowenstein.com
                                     mpapandrea@lowenstein.com

                                     *Proposed Counsel to the Debtors and*
                                     *Debtors-in-Possession*